IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| DONNA L. CRABTREE, | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 9:23-cv-157 |
| | § | |
| FRONTIER MANAGEMENT, LLC, | § | JURY DEMANDED |
| AND MAGNOLIA COURT AL MC | § | |
| CARE PROPERTIES, LLC | § | |
|     Defendants | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, Donna L. Crabtree ("Plaintiff" or "Mrs. Crabtree") complaining of Defendants Frontier Management, LLC and Magnolia Court AL MC Care Properties, LLC (collectively "Defendants") and for cause of action would respectfully show unto this Honorable Court as follows:

1. This is an action brought pursuant to The Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, (hereinafter "the ADA"), to correct unlawful discrimination practices in the workplace on the basis of disability which have been engaged in by Defendants to the detriment of Plaintiff.

2. This action is also brought pursuant to The Age Discrimination in Employment Act of 1967 (hereinafter "the ADEA"), 29 U.S.C. § 621 *et seq.*, to correct unlawful discrimination practices in the workplace on the basis of age which have been engaged in by Defendants to the detriment of Plaintiff.

3. This action is also brought pursuant to The Family Medical Leave Act ("the FMLA"), 29 U.S.C. § 2601 *et seq.*, to correct unlawful practices in the workplace, namely unlawful interference, and unlawful discrimination and retaliation in violation of the FMLA.

4. This is an action for lost income and benefits, past, present, and future, as well as other actual and compensatory damages incurred by Plaintiff as a result of the discriminatory and retaliatory treatment he received at the hands of Defendants, together with an action for punitive damages based on the conduct of Defendants.

## I. PARTIES

5. Plaintiff is Donna L. Crabtree, who is a citizen of the State of Texas, and a resident of Garrison, Rusk County, Texas.

6. Defendant, Magnolia Court AL MC Care Properties, LLC, is a Texas Limited Liability Company. Defendant has its principal place of business in the State of Texas. Defendant may be served with process by serving its Registered Agent: Business Filings Incorporated, 701 Brazos Street, Ste. 720, Austin, Texas 78701.

7. Defendant, Frontier Management, LLC, is an Oregon Limited Liability Company. Defendant has its principal place of business in the State of Oregon. Defendant Frontier Management, LLC is the sole member of Magnolia Court AL MC Care Properties, LLC. Defendant may be served with process by serving its Registered Agent on file with the Oregon Secretary of State's Office: Business Fillings Incorporated, 780 Commercial Street SE, Ste. 100, Salem, Oregon 97301.

## II. JURISDICTION

8. Pursuant to 28 U.S.C. §§ 1331 and 1343, this Court has federal question jurisdiction because the action arises under federal law, namely The Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, The Age Discrimination in Employment Act of 1967 (hereinafter "the ADEA"), 29 U.S.C. § 621 *et seq.*, and The Family Medical Leave Act ("the FMLA"), 29 U.S.C. § 2601 *et seq.*

### III.     VENUE

9.      Venue is proper in the Eastern District of Texas, Houston Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

### III.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.     Plaintiff has complied with all pre-requisites for bringing an action under Title VII. Specifically, Plaintiff timely filed charges of discrimination against Defendants with the Equal Opportunity Employment Commission ("EEOC"). *See* Exhibits A and B. Plaintiff files this complaint within 90 days of receiving notices of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit C. *See* 42 U.S.C. § 2000e5-(f)(1). All other conditions precedent have been satisfied.

### IV.     FACTS GIVING RISE TO CLAIMS

11.     Defendants Magnolia Court AL MC Care Properties, LLC and Frontier Management, LLC own and operate a Magnolia Court Assisted Living & Memory Carre ("Magnolia Court") in Nacogdoches, Texas. Magnolia Court is what is commonly known as an "assisted living facility."

12.     In July 2017, Mrs. Crabtree was hired as the executive director of Magnolia Court. At the time, Magnolia Court was managed by a different group.

13.     Defendants took over management, ownership, and operation of Magnolia Court in or around November 2020.

14.     Thus, Mrs. Crabtree became an employee of the Defendants.

15.     Plaintiff was an employee within the meaning of the ADA, the ADEA, and the FMLA.

16.     Defendants are an employer within the meaning of ADA, the ADEA, and the FMLA.

17. In August 2021, Mrs. Crabtee informed her supervisor, Jennifer Daniels, and Human Resources ("HR") that she needed to have a medical surgery in September to address several digestive/urinary issues, specifically an anterior and posterior colporrhaphy and sacral colpopexy. Mrs. Crabtree requested FMLA leave for the surgery and to be able to work remotely during the post-surgery recovery period.

18. The request to work remotely was denied by Daniels and HR.

19. On August 30, 2021, Mrs. Crabtree requested FMLA leave beginning on September 1, 2021, for medical surgery.

20. Mrs. Crabtree was approved for FMLA leave.

21. Mrs. Crabtee's FMLA leave was scheduled to end on Friday, November 26, 2021. Mrs. Crabtree was scheduled to return on Monday, November 29, 2021.

22. On November 26, 2021—the same day her FMLA leave expired, Mrs. Crabtree received a call from Daniels stating that she had been terminated due to "safety concerns" and "policy violations."

23. At the time, Mrs. Crabtree was 64 years old.

24. Following her termination, Mrs. Crabtree was replaced by Tamecia Newman. At the time, Newman was in her early 40s. When compared to Mrs. Crabtee (64), Newman (early 40s) was a substantially younger replacement. *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996); *Sears v. Zions Bancorporation NA*, No. 21-10448, 2022 WL 1800779, at *2 & n. 1 (5th Cir. June 2, 2022); *Ross v. Judson Indep. Sch. Dist.*, 993 F.3d 315, 323 (5th Cir. 2021).

## V. LEGAL CLAIMS

25. Plaintiff repleads all facts stated above with respect to each legal claim listed below.

A.  UNLAWFUL DISCRIMINATION AND RETALIATION UNDER THE ADA

26. Plaintiff is an employee within the meaning of ADA. *See* 42 U.S.C. § 12111(4).

27. Defendants are an employer within the meaning of ADA, is engaged in an industry affecting commerce, and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. *See* 42 U.S.C. § 12111(4).

28. Mrs. Crabtree had a disability that substantially limited one or more of her major life activities and there was a record of her impairment. *See* 42 U.S.C. § 12102(1).

29. Defendants also regarded Mrs. Crabtree as being disabled. *See* 42 U.S.C. § 12102(1)(c) and (3).

30. Mrs. Crabtree was qualified for the job of executive director and could have performed her job with reasonable accommodation. *See* 42 U.S.C. § 12111(8).

31. Mrs. Crabtree requested a reasonable accommodation of being allowed to work remotely for a short period of time following her surgery.

32. Mrs. Crabtree's request was a protected activity under the ADA.

33. Defendants denied that request and offered no accommodation. In other words, Defendants failed to provide Mrs. Crabtree with a reasonable accommodation.

34. Defendants then terminated Plaintiff on November 26, 2021, mere months after Mrs. Crabtree had requested and been denied accommodation.

35. Defendants and all relevant decisionmakers, including Jennifer Daniels, were aware of Plaintiff's request for a reasonable accommodation.

36. Following her request for a reasonable accommodation, Mrs. Crabtree was subjected to an adverse employment action when she was terminated.

37.     Thus, Defendants discriminated against Mrs. Crabtee based on her disabilities and/or retaliated against Mrs. Crabtree based on her disabilities or perceived diabilites.

38.     There is a but-for connection between Mrs. Crabtree's request for a reasonable accommodation and her subsequent termination.

39.     There is also a but-for connection between Mrs. Crabtree's disabilities and her subsequent termination.

40.     To the extent that Defendants contend that Plaintiff's termination was based on a legitimate non-retaliatory reason, said reason is a mere pretext for discrimination and/or retaliation.

41.     Alternatively, even if the reason given for Plaintiff's termination are true, Plaintiff's disabilities and/or protected activity was still a motivating factor in the decision.  In other words, Defendants had mixed motives for terminating Plaintiff.

42.     As a result of Defendants' conduct, Plaintiff has suffered harm and damages.

B.      **UNLAWFUL DISCRIMINATION UNDER THE ADEA**

43.     Plaintiff is an employee within the meaning of the ADEA.  *See* 29 U.S.C. § 630(f).

44.     Defendants are an employer within the meaning of the ADEA, is engaged in an industry affecting commerce, and has 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.  *See* 29 U.S.C. § 630(b).

45.     Plaintiff is a member of a protected class under the ADEA, namely she is over 40 years-old and was 40 years-old or older at all times relevant.

46.     On November 26, 2021, Defendants terminated Mrs. Crabtree, who was 64 years old at the time.

47.     Shortly thereafter, Defendants replaced Mrs. Crabtree with a substantially younger individual, Tamecia Newman, who was in her early 40s.

48. There is a but-for connection between Plaintiff's age and her subsequent termination and replacement.

49. To the extent that Defendants contend that Plaintiff's termination was based on a legitimate non-discriminatory reason, said reason is a mere pretext for age discrimination.

50. Alternatively, even if the reason given for Plaintiff's termination are true, Plaintiff's age was still a motivating factor in the decision. In other words, Defendant had mixed motives for terminating Plaintiff.

51. As a result of Defendants' conduct, Plaintiff has suffered harm and damages.

C. UNLAWFUL INTERFERENCE AND RETALIATION UNDER THE FMLA

52. Plaintiff is an "eligible employee" within the meaning of the FMLA. *See* 29 U.S.C. § 2611(2).

53. Plaintiff worked for Defendants—or Defendants' predecessors—for greater than 12 months and greater than 1,250 hours prior to requesting FMLA leave. *See id*.

54. Defendants are an employer within the meaning of the FMLA, are engaged in an industry affecting commerce, and have 50 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. *See* 29 U.S.C. § 2611(4).

55. Defendants employed more than 50 employees within 75 miles of the worksite where it employed Plaintiff.

56. Plaintiff was an eligible employee within the meaning of 29 U.S.C. § 2612(a)(1).

57. Plaintiff's need to have a a medical surgery qualified as a "serious health condition" under the FMLA.

58. On or about August 30, 2021, Plaintiff requested and was given FLMA leave.

59. Plaintiff's FMLA leave was scheduled to end on November 26, 2021.

60. On November 26, 2021—the same day Plaintiff's FMLA leave was set to end—Defendants terminated her employment.

61. Defendants terminated Plaintiff with knowledge that she had requested FMLA leave and needed FMLA leave due to a serious medical condition.

62. In short, Defendants terminated Plaintiff while she was still on FMLA leave and did not allow her to return to work.

## VI.   ATTORNEY'S FEES

63. Plaintiff is entitled to an award of attorney's fees for her claims under the ADA, ADEA, and FMLA.  *See* 42 U.S.C. § 12205; 29 U.S.C. § 216(b); and 29 U.S.C. § 2617.

## VII.   JURY DEMAND

64. Plaintiff respectfully demands a trial by jury and has tendered the appropriate fee for same.

## VIII.   DAMAGES

65. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered the following injuries and damages:

   a. Back pay;

   b. Front pay;

   c. Liquidated damages;

   d. Compensatory damages;

   e. Punitive damages;

   f. Pre-judgment and post-judgement interest;

   g. Court costs;

   h. Reasonable attorney's fees; and

   i. All other relief in law and equity, to which he is justly entitled.

## VIII.   EQUITABLE RELIEF

66. Plaintiff seeks any and all equitable relief that she shows herself entitled to receive and that is necessary to correct Defendants' unlawful employment practices.  This includes back pay, front pay, and other equitable damages.

67. Plaintiff further seeks equitable relief, in the form of a permanent injunction, to prohibit and prevent Defendant from continuing to engage in unlawful employment practices in violation of the ADA, the ADEA, and the FMLA.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and answer herein, and that upon final trial hereof, Plaintiff be awarded a judgment against Defendants for all damages set-forth above and all other relief, in law and equity, to which she is justly entitled.

Respectfully submitted,

**HIGHTOWER, FRANKLIN, & JAMES, PLLC**

_/s/ Tanner Franklin_

**Tanner G.M. Franklin**
Texas Bar No. 24082506
tanner@thegoodlawyer.com
2528 Highway 103
Etoile, Texas 75944
(936) 560-3300 — Telephone
(936) 560-5600 — Fax

**ATTORNEY FOR PLAINTIFF**